UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

GLENN E. PAYNE, )
 )
    *Plaintiff*, )
v. ) No. 1:10-cv-130
 ) *Chief Judge Curtis L. Collier*
SHERIFF JIM HAMMOND IN HIS OFFICIAL )
CAPACITY, )
 )
    *Defendant*. )

### **MEMORANDUM**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. §1983 (Court File No. 2). Plaintiff claims the Hamilton County Jail's policy of locking prisoners behind several layers of doors, without a correctional officer posted in or near the area, prevents officers from hearing screams for help, and therefore, violates the jail officials' duty under the Eighth Amendment to protect prisoners and provide humane conditions of confinement. Plaintiff contends this policy violated his Eighth Amendment right to be housed in a reasonably save environment and resulted in his brutal beating.

Defendants filed an answer raising the affirmative defense that Plaintiff failed to exhaust his remedies as required under 42 U.S.C. § 1997 (Court File No. 10). Before the Court is Defendant's response to the Court's order directing the parties to supplement the record with proof so the Court could determine whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit (Court File No. 13). Plaintiff, who, according to the record before the Court, is no longer incarcerated, failed to a reply to Defendant's response by the June 24, 2011, deadline. For the reasons set forth herein, his complaint will be dismissed for failure to demonstrate exhaustion of administrative remedies (Court File No. 2).

**I.  Screening Pursuant to 42 U.S.C. § 1997e**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff apparently was aware of and understood the grievance procedure as his complaint reflects there was an available grievance procedure which he did not pursue. In his complaint, Plaintiff states he did not pursue the grievance procedure because the inmates who assaulted him were criminally charged and entered guilty pleas (Court File No. 2, p. 2).

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 549 U.S. 199, 210-212, (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). Although failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead

2

or demonstrate exhaustion in their complaint, they must demonstrate exhaustion when a defendant raises the defense. *Id*. at 216. Thus, once failure to exhaust administrative remedies is raised by the defense, a plaintiff must set forth evidence to show he has complied with the requirements of exhaustion. To establish exhaustion of administrative remedies, a plaintiff must demonstrate he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In support of his response to the Court's Order, Defendant has filed the affidavit of Capt John Swope, who avers he is Captain in charge of the Hamilton County Jail. Capt. Swope further avers "Inmate Payne did not file any grievance or appeal of any grievance" (Court File No. 14-1, p. 3). Plaintiff has not rebutted this showing. Moreover, as previously noted, Plaintiff's complaint reflects he did not file a grievance. Consequently, Plaintiff has not demonstrated he properly exhausted his administrative remedies or that an administrative remedy was unavailable. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (discussing when exhaustion requirement is satisfied when prison officials fail to respond to grievance).

According under these circumstances, Plaintiff's complaint must be **DISMISSED** for failure to fully exhaust administrative remedies as required by 42 U.S.C. § 1997e (Court File No. 2).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**